

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 28, 1959

Mr. Ralph R. Wolf
Executive Director
State Building Commission
Austin, Texas

Dear Mr. Wolf:

Opinion No. WW-633

Re: Authority of the State
Building Commission in
regard to payment of
professional fees to an
attorney for services
in connection with land
acquisition.

      In your recent letter you have requested our
opinion as to whether the State Building Commission has
authority to pay an attorney for professional services
rendered to the Commission, in its land acquisition pro-
gram.

      The Constitutional Amendment, Section 51-b,
Article III of the Texas Constitution, creating the State
Building Commission provides in Subsection (c) thereof as
follows:

> "Under such terms and conditions as are
> now or may be hereafter provided by law, the
> Commission may acquire necessary real and per-
> sonal property, . . . and negotiate and make
> contracts necessary to carry out and effectuate
> the purposes herein mentioned."

      Subsequent to the adoption of the aforesaid
Constitutional Amendment the Texas Legislature implemented
the Amendment by enacting Article 678m, Vernon's Texas
Civil Statutes, which provides in part as follows in Sec-
tion 4:

> ". . . The Executive Director may, with
> the consent and approval of the Commission,
> employ such <u>professional</u>, technical, clerical,
> stenographic, and other assistance as may be
> deemed necessary, the compensation for whom
> may be fixed by the Commission until September 1,
> 1955, after which it shall be fixed in the bi-
> ennial appropriation bill. . . ." (Empahsis
> ours).

The Statute in Section 5 thereof further author-
izes the State Building Commission:

". . . to take any action and enter into
any contracts necessary to provide for the
obtaining of sites and the planning, designing
and construction of the buildings and memorials
provided for by Section 51-b, Article III of
the Constitution, and the Commission is also
authorized to take any action and enter into
any contracts to obtain sites which it deems
necessary in order to provide for the orderly
future development of the State Building Pro-
gram which is contemplated by this Act, insofar
as appropriations permit.   . . ."

It is apparent from the foregoing that the
powers conferred upon the State Building Commission by
the Constitution and laws of this State enable the Commis-
sion to employ and compensate an attorney for legal serv-
ices rendered to the Commission in connection with the
acquisition of land pursuant to the Commission's building
program.

That the services for which the attorney now
makes claim were deemed necessary by the Commission and
that the Commission did, in fact, employ the attorney to
render such services is manifest from the official minutes
of the meeting of the Commission on May 13, 1957.

The particular claim to which you refer is for
professional services rendered from October 1, 1958, through
March 31, 1959.  The Fifty-Fifth Legislature, at its Regular
Session in 1957, after appropriating various sums for
salaries of other personnel of the State Building Commission,
set aside Ten Thousand, Eight Hundred Dollars ($10,800) out
of the State Building Fund "for other salaries or professional
services, by contract or part time employment" for the years
ending August 31, 1958 and August 31, 1959.  From this it
is seen that the Legislature anticipated and provided for
such claims as the one in question.  It follows also that the
extent to which the claim can be paid depends upon the amount
of money now available under the aforesaid appropriation.

It should be noted that Section 7 of Article VI
of the Fifty-Fifth Legislature's appropriation bill provides
in part as follows:

". . . Where the Attorney General, District Attorney, Criminal District Attorney, County Attorney, or other lawyer is required by constitutional or statutory provision to represent a State Agency, State Official, State Board or State Department, no compensation shall be paid from any appropriation made in this Act to any other attorney for representing the State of Texas in the trial of a civil lawsuit except in those cases where the Attorney General, District Attorney, Criminal District Attorney, County Attorney, or other lawyer, as the case may be, has requested that the attorney or attorneys employed by the particular State Agency, State Official, State Department or State Board, assist with the trial of the particular lawsuit. This provision shall not, however, restrict a State Agency, State Official, State Department or State Board in the investigation and assembling of evidence in connection with a pending or prospective civil suit. . . ."

Insofar as the instant claim is for representing the State Building Commission and assisting the Attorney General in the trial of civil suits, it must be viewed in the light of the above provision. Neither Section 51-b, Article III of the Texas Constitution nor Article 678m, Vernon's Texas Civil Statutes, enjoin upon the Attorney General or any other official the duty of representing the Commission in civil suits. However, Article 5240, Vernon's Texas Civil Statutes, does require the Attorney General to represent the State of Texas in such suits as those involved here.

Prior to the commencement of the professional services in question, the Attorney General requested the attorney to assist with the trial of lawsuits, as well as to provide other professional services incident to the Commission's land acquisition program. Therefore, payment of the present claim for professional services is not prohibited by Section 7, Article VI of the appropriation bill of the Fifty-Fifth Legislature.

Mr. Ralph R. Wolf, page 4.   (WW-633)

## SUMMARY

The State Building Commission is auth-
orized to pay an attorney for profession-
al services rendered in the Commission's
land acquisition program where the at-
torney has been duly employed by the
Board, requested by the Attorney General
(insofar as the claim is for represent-
ing the Commission in the trial of civil
suits) and where the funds in the appro-
priation for such services permit.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Henry G. Braswell
Henry G. Braswell
Assistant

HGB:mg

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Robert T. Lewis

L. P. Lollar

Charles D. Cabaniss

C. K. Richards

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert